10-3757-cv
Clauss v. Integrated Real Estate Processing, Inc., et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand eleven.

PRESENT:

> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> > *Circuit Judges.*

------------------------------------------------------------------------------------x

JOAN B. CLAUSS, on behalf of herself and those
similarly situated,

> *Plaintiff-Appellant,*

> v.                                                                    No. 10-3757-cv

INTEGRATED REAL ESTATE PROCESSING, INC.,
INTEGRATED REAL ESTATE PROCESSING, LP,

> *Defendants-Appellees.*

------------------------------------------------------------------------------------x

FOR PLAINTIFF-APPELLANT:     VINCENT BRIGANTI (Todd S. Garber, *of counsel*),
                             Lowey Dannenberg Cohen & Hart, PC,
                             White Plains, NY.


FOR DEFENDANT-APPELLEE:      WENDY H. SCHWARTZ, (Donna M. Doblick, Roy W.
                             Arnold, *on the brief*), Reed Smith LLP,
                             New York, NY.


Appeal from an August 20, 2010 judgment of the United States District Court for the Southern District of New York (Warren W. Eginton, United States District Judge for the District of Connecticut, sitting by designation in the Southern District of New York).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-appellant Joan Clauss ("Clauss"), appeals an order of the District Court granting summary judgment in favor of defendants-appellees Integrated Real Estate Processing, Inc. and Integrated Real Estate Processing, LP (together, "IREP") on her claim that IREP violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*

We assume the parties' familiarity with the underlying facts, proceedings below, and specification of issues on appeal.  Briefly, in 2007and 2008, Clauss sought residential mortgage loans on her house located in Putnam County, NY from an affiliate of HSBC Finance Corp. ("HSBC"). As is common in the mortgage lending industry, HSBC "outsourced" some services.  Relevant here, HSBC entered into a contract with IREP, an appraisal management company ("AMC"), under which IREP agreed to administer and oversee the property appraisal process for HSBC.  In its contract with IREP, HSBC agreed to pay $325 per appraisal, an expense which it charged to those individual borrowers who required appraisals.  IREP would then forward $300 of the appraisal fee it received from HSBC to the third-party appraiser who performed the appraisal and retain the remaining $25 as compensation for its management services.  Pursuant to this contract, HSBC placed orders with IREP for appraisals of Clauss's property, and IREP in turn identified and arranged for certified third-party appraisers to appraise the property and performed various other administrative and supervisory functions attendant to ordering, tracking, reviewing, and delivering the appraisal report.  For each loan, HSBC presented Clauss with a HUD-1 Settlement Statement that listed, among other fees, the $325 appraisal fee to IREP, and Clauss signed the Statement and paid the appraisal fee.

On appeal, Clauss argues that the $25 share IREP retained per appraisal is an unearned fee prohibited under Section 8(b) of RESPA, 12 U.S.C. § 2607(b), and that the District Court erred in granting IREP's motion for summary judgment because genuine issues of material fact exist as to whether IREP provided an actual, necessary, or distinct bona fide settlement service as would be necessary to permit IREP to mark-up the appraisal cost under Section 8(b) of RESPA. To support her argument, Clauss relies on regulations of the U.S. Department of Housing and Urban Development ("HUD") interpreting Section 8(b) to prohibit settlement service providers from adding surcharges to services performed by other settlement service providers without performing some distinct service to justify the surcharge. (*See* Appellant's Br. at 12-15 (citing 24 C.F.R. Part 3500.14(c) ("A charge by a person for which no nominal services are performed or for which duplicative fees are charged is an unearned fee and violates this section."); RESPA Statement of Policy 2001-1, 66 Fed. Reg. 53,052-01, at 53,057-59 (HUD Oct. 18, 2001) (anticipating Section 8(b) violations if "one settlement service provider marks-up the cost of services performed or goods provided by another settlement service provider without providing additional, actual, necessary and distinct goods, or facilities to justify the additional charge" or "one settlement service provider charges the consumer a fee where no, nominal or duplicative work is done")).)

We review *de novo* an order granting summary judgment and ask whether a district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we resolve all ambiguities and draw all permissible factual inferences in favor of the nonmoving party. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). Nevertheless, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Following *de novo* review of the record, we affirm the judgment of the District Court. Appraisal management companies like IREP serve an important role in overseeing and streamlining the appraisal process, adding a degree of efficiency, quality, and accuracy through their expertise and independence. Indeed, HUD—on whose regulations Clauss relies to argue that Section 8(b) of RESPA prohibits IREP's $25 management fee—has acknowledged "the fact that management firms, appraisal service providers, cooperatives and similar entities may provide a host of services that expedite and improve the quality of the appraisal," and thus "allow[s] the mortgagor to pay a fee for the appraisal which may encompass fees for services performed by an appraisal management firm as well as fees for the appraisal itself," as long as the total fee is "customary and reasonable . . . for an appraisal in the market area where the appraisal is performed." Appraisal Management Firms, Mortgagee Letter 97-46, 1997 WL 33483463, at *1 (HUDML Dec. 08, 1997); *see also* Appraiser Independence, Mortgage Letter 09-28, 2009 WL 3348122, at *1-2 (HUDML Sep. 18, 2009)

3

(reiterating that AMCs may charge reasonable management fees for actual services relating to ordering, processing, or reviewing of appraisals performed in connection with loan financing).

Consistent with its contractual obligations, IREP managed the entire appraisal process of Clauss's loans, including contacting appraisers and coordinating appraisals, conducting quality control reviews of appraisals against HSBC's guidelines, and forwarding appraisal reports to HSBC. Moreover, the services IREP provided cannot be viewed in isolation, but rather, incorporate extensive ongoing work to expand and maintain its network—*e.g.*, efforts to identify, solicit, audit, and monitor appraisers. Although IREP did not itself perform the appraisals on Clauss's property, it provided additional and distinct services. In exchange for the appraisal services, Clauss paid a $325 fee per appraisal to IREP, which had been fully disclosed to her in the HUD-1 Settlement Statements she had signed. Clauss presents no evidence to suggest that this fee exceeded what is customary and reasonable for appraisal services in the market area where her residential property is located. Accordingly, Section 8(b) of RESPA does not prohibit IREP from retaining, pursuant to its contract with HSBC, $25 of each $325 appraisal fee Clauss paid in connection with the residential mortgage loans she obtained from HSBC.

## CONCLUSION

We have considered Clauss's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4